| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>---------------------------------------------------------x | Hearing Date: October 23, 2015<br>Hearing Time: 9:00 a.m. |
| In re | Chapter 11 |
| QUIRKY, INC., *et al.*, | |
| | Case No. 15-12596 (MG) |
| | (Jointly Administered) |
| Debtors. | |
| ---------------------------------------------------------x | |

**OBJECTION OF THE UNITED STATES TRUSTEE
TO DEBTORS' MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING
BIDDING PROCEDURES AND BID PROTECTIONS IN CONNECTION WITH
THE SALE OF CERTAIN ASSETS RELATED TO THE BUSINESS OF QUIRKY,
INC., (B) APPROVING PROCEDURES FOR ASSUMPTION AND ASSIGMENT
OF EXECUTORY CONTRACTS, (C) APPROVING THE FORM AND
MANNTER OF NOTICE, AND (D) SCHEDULING AN AUCTION AND A SALE
HEARING, AND (II) AN ORDER AUTHORIZING AND APPROVING THE
SALE OF ASSTS OF QUIRKY, INC.**

William K. Harrington, the United States Trustee for Region 2 (the "United States

Trustee"),  hereby objects to the Debtors' Motion for Entry of (I) An Order (A)

Approving Bidding Procedures and Bid Protections in Connection With the Sale of

Certain Assets Related to the Business of Quirky, Inc., (B) Approving Procedures for

Assumption and Assignment of Executory Contracts, (C) Approving the Form and

Manner of Notice, and (D) Scheduling an Auction and a Sale Hearing and (II) An Order

Authorizing and Approving the Sale of Assets of Quirky, Inc. (the "Motion").  ECF No.

60.  In support of his objection the United States Trustee respectfully states as follows:

## INTRODUCTION

The Debtors seek to sell the assets of Quirky, Inc., including the personally

identifiably information of approximately 1.2 million community members.  It is unclear

1

if all the Quirky community members have agreed to Quirky's current privacy policy which permits the sale of their information. The Debtors however, do not propose the appointment of a consumer privacy ombudsman in connection with the sale of their members' personal information. Accordingly, because the Bankruptcy Code directs the appointment of an ombudsman in this situation, the United States Trustee objects to the sale until a consumer privacy ombudsman in appointed.

## BACKGROUND

**General Background**

1. On September 22, 2015 (the "Petition Date"), Quirky, Inc. ("Quirky"), Wink, Inc., and Undercurrent Acquisition, LLC (collectively, the "Debtors') each filed petitions for relief under chapter 11, title 11, United States Code (the "Bankruptcy Code").

2. Quirky was formed in 2009. Declaration of Charles Kwalwasser, General Counsel, Chief Administrative Officer and Secretary of Quirky, at ¶ 7, ECF No. 14. Ideas are submitted to Quirky by means of its online platform by Quirky's inventor and collaborator community. Id. at ¶ 9. Ideas deemed of merit may eventually be manufactured and sold. Id. at ¶ 10.

3. The Debtors cases are jointly administered. ECF No. 32.

4. The Debtors currently are operating their business and managing their affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in these cases.

6. On October 2, 2015, the United States Trustee appointed an official committee of unsecured creditors. ECF No. 63.

**Sale Motion**

7. On October 1, 2015, the Debtors filed the Motion. Although the Debtors do not currently have a stalking horse purchaser for Quirky's assets, the Motion seeks approval of bidding procedures to sell, among other things, Quirky's "database of approximately 1.2 million community members and related personally identifiable information." Motion at ¶ 5(a).

8. According to the Motion, since March 2011, Quirky' privacy policy permitted the sharing of personally identifiable information in connection with a merger, sale, reorganization, dissolution or liquidation of Quirky's business to prospective or actual acquirers of Quirky's assets (the "March 2011 Privacy Policy"). Id. at ¶ 54.

9. Prior to March 2011, Quirky's privacy policy did not permit Quirky to share personally identifiable information in connection with a sale, reorganization, dissolution or liquidation of assets. Id at n.6. According to the Motion, the Quirky terms of service did provide that its terms of use could change without further notice. Id. A Quirky user, however, does not automatically agree to such changes. Id. Rather, users are required to accept any changes upon the first login after the change was made. Id. Accordingly, to the extent a Quirky user pre-dates the March 2011 Privacy Policy, such user only became bound by the March 2011 Privacy Policy if they used the Quirky website after the enactment of the March 2011 Privacy Policy. Id.

## LEGAL STANDARDS

1. Section 363(b)(1) of the Bankruptcy Code provides:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, except that if the debtor in connection with offering a product or a service discloses to

3

an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information to any person unless –

    (A) such sale or lease is consistent with such policy; or

    (B) after appointment of a consumer privacy ombudsman in accordance with section 332, and after notice and a hearing, the court approves such sale or such lease –

        (i) giving due consideration to the facts, circumstances, and conditions of such sale or such lease; and

        (ii) finding that no showing was made that such sale or such lease would violate applicable nonbankruptcy law.

2. Section 332 of the Bankruptcy Code provides:

(a) If a hearing is required under section 363(b)(1)(B), the court shall order the United States trustee to appoint, not later than 7 days before the commencement of the hearing, 1 disinterested person (other than the United States trustee) to serve as the consumer privacy ombudsman in the case and shall require that notice of such hearing be timely given to such ombudsman.

(b) The consumer privacy ombudsman may appear and be heard at such hearing and shall provide to the court information to assist the court in its consideration of the facts, circumstances, and conditions of the proposed sale or lease of personally identifiable information under section 363(b)(1)(B). Such information may include presentation of—

    (1) the debtor's privacy policy;
    (2) the potential losses or gains of privacy to consumers if such sale or such lease is approved by the court;

4

    (3) the potential costs or benefits to consumers if such sale or such lease is approved by the court; and

    (4) the potential alternatives that would mitigate potential privacy losses or potential costs to consumers.

  (c) The consumer privacy ombudsman shall not disclose any personally identifiable information obtained by the ombudsman under this title.

## ARGUMENT

Bidding procedures should not be approved unless a consumer privacy ombudsman is appointed, pursuant to Bankruptcy Code Section 332(a). Although Quirky maintains that a privacy ombudsman is not required because its privacy policy permits the sharing of personally identifiable information in connection with a sale or reorganization of Quirky's business to prospective or actual acquirers of Quirky's assets, this policy was not in place prior to March 2011.

Specifically, prior to March 2011, Quirky did not have a privacy policy that permitted the sale of personally identifiable information. Motion at 6. While the privacy policy that was effective as of March 2011 provided for its terms of service to be changed without any additional notice, for those Quirky community members who joined prior to March 2011, their terms of service would only be changed if they logged on to the Quirky website after March 2011. The Debtors do not provide any information with respect to how many of Quirky community members there were on or prior to March 2011 and how many of these members logged into the Quirky Website on or after March 2011.

WHEREFORE, the U.S. Trustee respectfully requests that the Court direct the U.S. Trustee to appoint a consumer privacy ombudsman, and grant such other relief as the Court deems fair and just.

Dated: New York, New York
October 7, 2015

        Respectfully submitted,

        WILLIAM K. HARRINGTON
        UNITED STATES TRUSTEE, Region 2
        By: */s/ Paul K. Schwartzberg*
        Paul K. Schwartzberg
        Trial Attorney
        201 Varick Street, Room 1006
        New York, New York 10014
        Tel. (212) 510-0500