UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
: 
In re:                                                           :   Chapter 11
                                                                 :
QUIRKY, INC., *et al.*[1]                                        :
                                                                 :   Case No. 15-12596 (MG)
              Debtors.                                           :
                                                                 :   (Jointly Administered)
---------------------------------------------------------------- x

**ORDER UNDER 11 U.S.C. §§ 327(a) AND 328, FED. R. BANKR. P. 2014(a) AND 2016, AND LBR S.D.N.Y. 2014-1 AND 2016-1 AUTHORIZING EMPLOYMENT AND RETENTION OF CENTERVIEW PARTNERS LLC TO SERVE AS INVESTMENT BANKER TO THE DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the Debtors for entry of an order (the "Order") under sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1 authorizing the employment and retention of Centerview as investment banker to the Debtors *nunc pro tunc* to the Petition Date; and the Court having reviewed the Application and the Bosacco Declaration; and upon consideration of the First Day Declaration; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and upon the record of the hearing held by the Court on the Application; and the Court being satisfied with the representations made in the Application and the Bosacco Declaration that Centerview neither holds nor represents an interest adverse to the estates, that is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, and that it appearing that the terms of Centerview's compensation, as set forth in the Engagement

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Quirky, Inc. (2873); Wink, Inc. (8826); and Undercurrent Acquisition, LLC (9692). The Debtors' principal offices are located at 606 West 28th Street, Seventh Floor, New York, NY 10001.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them as in the Application.

1

Letter (defined below), are reasonable for purposes of 11 U.S.C. § 328(a); and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors, as debtors and debtors in possession, are authorized to employ and retain Centerview as their investment banker for the Debtors *nunc pro tunc* to the Petition Date, pursuant to the terms of the engagement letter (the "Engagement Letter"), attached to the Application as **Exhibit A**, and to pay, reimburse and indemnify Centerview on the terms specified in the Engagement Letter and as set forth in this Order. The services to be provided by Centerview pursuant to the Engagement Letter are not duplicative of services to be performed by any other professionals retained by the Debtors, and Centerview will undertake every effort to avoid any duplication of services.

3. All of Centerview's compensation set forth in the Engagement Letter is approved pursuant to section 328(a) of the Bankruptcy Code, and Centerview shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, Local Rules, and any other applicable orders of this Court.

4. Section 2.b. of the Engagement Letter shall be amended to state:

> If at any time during the term of this engagement or within the twenty-four full months following the termination of this engagement (including the term of this engagement, the "Fee Period"), (1) the Company consummates any Restructuring or Sale of the Wink Assets or (2) the Company enters into an agreement in principle, definitive agreement or Plan to effect a Restructuring or Sale of the Wink Assets, and at any time (including following the expiration of the Fee Period), any

2

>   Restructuring or Sale of the Wink Assets is consummated, Centerview shall be entitled to receive a transaction fee (a "Transaction Fee"), contingent upon the consummation of (i) a Sale of the Wink Assets and payable at the closing thereof equal to the greater of (A) $800,000 and (B) 2% of Aggregate Consideration (as defined below), or (ii) Restructuring of the Wink Assets and payable at the closing thereof equal to $800,000. For the avoidance of doubt, in the event a Sale and Restructuring, Centerview shall not be entitled to two Transaction Fees.

5. Credit of monthly fees against the Transaction Fee as set forth in section 2.a. of the Engagement Letter shall include $150,000 received from the Debtors prepetition.

6. Centerview will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, any applicable Bankruptcy Rules, Local Rules, any order of this Court and any procedures as may be fixed by order of this Court.

7. Notwithstanding the prior paragraph, all fees payable to Centerview pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard review set forth in section 330 of the Bankruptcy Code.

8. Centerview and its professionals shall be excused from keeping time records for services rendered in one-tenth of an hour increments, and instead shall only be required to maintain time records in half hour increments.

9. Notwithstanding anything to the contrary herein, the U.S. Trustee retains all rights to object to Centerview's interim and final fee applications (including expense reimbursements) on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code.

10. The Debtors shall indemnify and hold harmless Centerview pursuant to the Indemnification Agreement attached as Annex A to the Engagement Letter and, during the pendency of these chapter 11 cases, subject to the following conditions:

a) all requests for payment of indemnity, contribution, or otherwise pursuant to the Indemnification Agreement shall be made by means of a final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Indemnification Agreement, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other order of this Court and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided however*, that in no event shall an Indemnified Person (as defined in the Indemnification Agreement) be indemnified or receive contribution to the extent that nay claim arose or expense has resulted for any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct of any Indemnified Person.

b) in no event shall any Indemnified Person be indemnified or receive contribution or other payment under the Indemnification Agreement if the Debtors or a representative of the Debtors' estate asserts a claim for, and a court determines by a final order that such claims primarily arose out of, such person's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct of any Indemnified Person; and

4

      c)    in the event an Indemnified Person seeks reimbursement of attorneys' fees from the Debtors pursuant to the Indemnification Agreement, the invoices and supporting time records from such attorneys shall be attached to Centerview's own interim and final fee application, and such invoices and time records shall be subject to the U.S. Trustee guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3(C) of the Bankruptcy Code.

11.    In the event of a conflict among the Application, the Bosacco Declaration, the Engagement Letter, the Indemnification Agreement, and the express terms of this Order, this Order shall govern.

12.    The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by contents of the Application.

13.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**IT IS SO ORDERED.**
Dated:  October 23, 2015
       New York, New York

                                          _____**/s/Martin Glenn**_____
                                                MARTIN GLENN
                                        United States Bankruptcy Judge