UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                          Chapter 11

QUIRKY, INC., *et al.*,[1]                                      Case No. 15-12596 (MG)

                                                                (Jointly Administered)

                                      Debtors.
------------------------------------------------------------X

## STIPULATION AND ORDER APPOINTING MEDIATOR

This stipulation and order (the "Stipulation") is entered into by and between Quirky, Inc., on behalf of itself and its affiliated debtors and debtors in possession (collectively, the "Debtors"), the Official Committee of Unsecured Creditors appointed in the Debtors' cases (the "Committee"), and Comerica Bank ("Comerica," and together with the Debtors and Committee, the "Parties"), concerning the appointment of a mediator (a "Mediator") to assist the parties in resolving certain issues relating to the formulation and confirmation of a Plan.

WHEREAS, the Parties acknowledge and agree that certain disputes exist in relation to the formulation and confirmation of a Plan, including (a) a potential challenge by the Committee concerning the scope and extent of Comerica's liens; (b) the Committee's assertion that the Debtors' estates should be substantively consolidated; and (c) allocation of administrative expenses among the Debtors' creditors (collectively, the "Disputes"); and

WHEREAS, the Parties further acknowledge and agree that if the Disputes are resolved to the satisfaction of the Parties, such a resolution should permit the prompt filing and solicitation of a chapter 11 plan (the "Plan"); and

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Quirky, Inc. (2873); Wink, Inc. (8826); and Undercurrent Acquisition, LLC (9692). The Debtors' principal offices are located at 606 West 28th Street, Seventh Floor, New York, NY 10001.

WHEREAS, the Parties believe that the appointment of a neutral third party will aid in resolution of the Disputes and formulation of a consensual Plan; and

WHEREAS, the Parties intend to request that the Court consider this Stipulation and enter the same as an Order of the Court as soon as reasonably practicable; and

**NOW THEREFORE**, it is hereby stipulated and agreed by the Parties, through their respective counsel, as follows:

1. Upon approval and entry of this Stipulation as an Order of the Court, Hon. Allan L. Gropper (Ret.) shall be appointed as Mediator for an initial period through March 24, 2016. The Debtors may, in consultation with the other Parties and any other person or party participating in the mediation discussions (collectively, the "Mediation Parties"), seek to extend such period in accordance with paragraph 9 set forth below.

2. The Challenge Period[2] for the Committee shall be extended until the date that is five (5) Business Days after the conclusion of the mediation (but not later than March 31, 2016, plus the period of any extension agreed to by the Mediation Parties pursuant to Paragraph 1 or ordered by the Court). Extension of the Challenge Period shall be without prejudice to the rights of the Committee and Comerica to agree to further extend the Challenge Period or of the Committee to seek an order of the Court further extending the Challenge Period.

3. The Mediation Parties may (or at the direction of the Court shall) confer with the Mediator to establish procedures and timing of the mediation, which the Parties

---

[2] "Challenge Period" shall have the meaning ascribed in the Final Order (I) Authorizing Debtors to Use Cash Collateral, (II) Granting Adequate Protection, and (III) Granting Certain Related Relief [Docket No. 119] (the "Cash Collateral Order").

2

hope and expect may be completed on or before March 24, 2016.

4. Without limiting the applicability of Local Rule 9019-1 or General Order M-452, all (a) discussions among any of the Mediation Parties, including discussions with or in the presence of the Mediator, (b) mediation statements and any other documents or information provided to the Mediator or the Mediation Parties in the course of the mediation, and (c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of the mediation (collectively, the "Mediation Information") shall be strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding, and no Mediation Party, whether a direct participant, a member of a committee or group, or counsel for any Mediation Party or any other party, shall in any way disclose any of the Mediation Information to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, unless such Mediation Information was independently available and not subject to a separate confidentiality agreement that would prevent its disclosure, or such disclosure is ordered by this Court.

5. To the extent that any Mediation Party is in possession of privileged or confidential information provided to such Mediation Party pursuant to the terms and conditions of a confidentiality agreement executed, or an order of this Court entered, in connection with these Chapter 11 cases, such information may be disclosed to the Mediator, but shall otherwise remain privileged and confidential and shall not be disclosed to any other Mediation Party.

6. Based on requests from the Mediation Parties, the Mediator shall have the authority

3

to request documents from the Mediation Parties without prejudice to the rights of the Mediation Parties if the mediation is unsuccessful.

7. For the avoidance of doubt, to the extent any part of this Stipulation shall conflict with Local Rule 9019-1 or General Order M-452, the terms and provisions of this Stipulation shall govern.

8. The Mediator's reasonable fee and expenses shall be paid from the Debtors' estates, but allocated as follows: (a) 50% to unencumbered assets of the Debtors and (b) 50% to Comerica's cash collateral, as the same may be further set forth in the terms of a chapter 11 plan. Payment arrangements reasonably satisfactory to the Mediator must be completed on or prior to the commencement of the Mediation.

9. The Parties' counsel shall jointly contact the Mediator to discuss the Mediation. The Mediation will be scheduled so that it can be concluded prior to March 24, 2016. If the Mediation cannot be concluded by that time, it can be extended upon agreement by the Parties or by Order of the Court.

10. The Mediator shall have discretion over whether position statements are required from the Mediation Parties ("Position Statements"), whether those Position Statements are to be shared with the other Mediation Parties, and the page limitations of any Position Statements. The Mediator may also require the Mediation Parties to provide to the Mediator any relevant papers and exhibits as well as a settlement proposal, which shall be confidential between the submitting party and the Mediator unless the submitting party otherwise agrees.

11. The Parties shall participate in the Mediation in good faith and with a view toward

reaching a consensual resolution of the Disputes. The Mediation shall be attended by at least one representative of each of the Parties with settlement authority and their respective counsel.

12. Within ten (10) days after the conclusion of the Mediation, the Mediator shall file a report (the "Mediator's Report"), which shall be limited to stating only (i) whether the matter settled or did not settle; (ii) the date or dates the Mediation took place; and (iii) the names of the Mediation Parties and/or counsel who attended.

13. Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014, or otherwise, the terms of this Stipulation shall be in full force and effect upon its entry as an Order by the Court.

14. The Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of the Stipulation.

| | |
|---|---|
| Dated: February 24, 2016 | Dated: February 25, 2016 |
| KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| By: */s/ Sean C. Southard*<br>Sean C. Southard<br>Brendan M. Scott<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Telephone: (212) 972-3000 | By: */s/ William R. Wyatt*<br>William R. Wyatt<br>30 Rockefeller Plaza<br>New York, NY 10112-0015<br>Telephone: (212) 653-8700 |
| *Conflicts Counsel to the Debtors* | *Attorneys for Comerica Bank* |
| Dated: February 25, 2016 | Dated: February 24, 2016 |
| COOLEY LLP | OTTERBOURG P.C. |
| By: */s/ Jeffrey L. Cohen*<br>Jeffrey L. Cohen<br>Michael A. Klein<br>1114 Avenue of the Americas<br>New York, New York 10035<br>Telephone: (212) 479-6000 | By: */s/ Melanie L. Cyganowski*<br>Melanie L. Cyganowski<br>230 Park Avenue<br>New York, NY 10169<br>Telephone: (212) 661-9100 |
| *Counsel to Debtors* | *Counsel to the Committee* |

**IT IS SO ORDERED.**

Dated:    February 26, 2016
         New York, New York

                                    \_\_\_\_\_/s/Martin Glenn_____
                                         MARTIN GLENN
                                    United States Bankruptcy Judge